UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DISTRICT COUNCIL NO. 9
INTERNATIONAL UNION OF PAINTERS
AND ALLIED TRADES, A.F.L.-C.I.O.,

                        Petitioner,

              v.

FUTURE SHOCK ARCHITECTURAL
METALS & GLASS a/k/a FUTURE SHOCK
ARCHITECTURAL METALS & GLASS
CORP.,

                        Respondent.

No. 22-cv-0211(RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

        Petitioner District Council Number 9 International Union of Painters and Allied Trades

seeks confirmation of an arbitration award entered against Respondent Future Shock Architectural

Metals & Glass.  Respond did not file an opposition to the petition.  For the reasons set forth below,

the petition is granted, along with the application for attorney's fees and costs.

## BACKGROUND

        Petitioner is a labor organization within the meaning of Section 301 of the Taft-Hartley

Act, 29 U.S.C. § 185, *et seq.*, which represents employees in an industry affecting commerce, *see*

29 U.S.C. § 142, *et seq.*; 29 U.S.C. § 1002(4).  Respondent and Petitioner entered into a

Memorandum of Agreement ("MOA") which incorporated the terms and conditions of Petitioner's

binding collective bargaining agreement ("CBA").  *See* Kugielska Decl., Exs. B & C.  In turn, the

CBA provides for the submission of labor disputes to final decisions of the Joint Trade Committee

("JTC").  *See* Kugielska Decl., Ex. C.

After Respondent hired non-Union labor for glazier work covered by the MOA, *see* Kugielska Decl., Ex. B, Art. 18, Section 11, Violation 6, Petitioner filed a demand for arbitration with the JTC, serving the demand on Respondent, *see id*., Exs. C & D.

The JTC held a hearing on September 27, 2021 and issued a decision on October 5, 2021. *See* Kugielska Decl., Ex. A (the "JTC Award").  As relevant here, the JTC Award found that Respondent had violated the MOA and CBA by failing to hire Petitioner's glaziers to perform certain work.  *Id*.  It further directed Respondent to pay $3,0000 in fines.  *Id*.  Following Respondent's failure to comply with the terms of the JTC Award, Petitioner served a demand letter on Respondent on October 15, 2021.  *See* Kugielska Decl, Ex. F.  To date, Petitioner alleges that Respondent has refused to comply with the JTC Award.

Petitioner thus brought this petition seeking an order confirming the award and granting judgment in the amount of $3,000, attorney's fees, costs, and any further relief as the Court deems just and proper.  *See* Pet. at 4; Kugielska Aff.  Respondent was given until February 22, 2022 to file its opposition, Dkt. 7, and did not do so.

## STANDARD OF REVIEW

"Because arbitration awards are not self-enforcing, they must be given force and effect by being converted into judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (cleaned up).  Confirming an arbitration award is generally no more than "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 132 (2d Cir. 2015) (cleaned up); *see also* 9 U.S.C. § 9 ("[T]he court must grant such an order unless the award is vacated, modified, or corrected.").  Because "[a]rbitration panel determinations are generally accorded great deference under the FAA," a "court is required to enforce the arbitration award as long as there is

a barely colorable justification for the outcome reached." *Leeward Constr. Co. v. Am. Univ. of Antigua-Coll. of Med.*, 826 F.3d 634, 638 (2d Cir. 2016) (cleaned up). "Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001). "[T]here is no general requirement that arbitrators explain the reasons for their award," *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992), and a petition for confirmation of an arbitration award does not serve as an opportunity to re-litigate issues resolved by the arbitrator, *see Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.*, 274 F.2d 805, 808 (2d Cir. 1960).

An unanswered petition to confirm an arbitration award is treated as an unopposed motion for summary judgment. *See D.H. Blair & Co.*, 462 F.3d at 109–10. Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, even though Respondent has "cho[sen] the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

## DISCUSSION

### I.    Confirmation of the Arbitration Award

The Court finds that summary judgment is appropriate here because Petitioner has demonstrated that there is no material issue of fact in dispute.

As an initial matter, Respondent has not challenged any of the material facts upon which the Petition is based. The CBA provides that "decisions, findings and awards of the Joint Trade

Committee and/or the Joint Trade Board shall be final and binding upon the Association employer and the Union, all members thereof, and all interested parties." Kugielska Decl., Ex. C, Art. XIII. The JTC justified its award by relying on testimony from John Ursini, president of the Petitioner Union, who described non-Union work covered by the CBA performed at 14 Wetman Avenue in New Rochelle on September 14, 2021. *See* Kugielska Decl., Ex. A at 3. Although the JTC also considered the testimony of two union business agents, Allen Foley and Alejandro Garcia, who contested the Ursini's allegations, the JTC was not required to accept their competing account. *See D.H. Blair & Co.*, 462 F.3d at 110 (noting an "[a]rbitrator's rationale for an award need not be explained"). After the JTC "deliberated," based on the statements provided and the contentions of the parties, it found Respondent "guilty for the hiring of non-Union labor" for the September 14, 2021 glazier work. *Id.* It assessed a "fine in the amount of $2,000.00, in addition to $1,000.00 in liquidated damages as a first offense." *Id.*

The JTC had a colorable basis for the award. *See Manor House Capital LLC v. Pritsker*, No. 14-cv-7922 (GBD), 2015 WL 273684, at *3 (S.D.N.Y. Jan. 15, 2015) (confirming arbitration award where the record provided a "colorable justification for the outcome reached"). The Court has no basis to infer that the JTC acted outside the scope of its authority in issuing the award. Accordingly, the undisputed evidence demonstrates that "no material issue of fact remains for trial," and Petitioner therefore met its burden of establishing that the award should be confirmed. *D.H. Blair & Co., Inc.*, 462 F.3d at 110.

## II.   Attorney's Fees and Costs

Petitioner additionally seeks attorney's fees and costs incurred in bringing this petition. Pet. at 10–11. "Ordinarily, attorney's fees cannot be recovered in a federal action in the absence of statutory authority," and the FAA does not provide for attorney's fees in actions to confirm

arbitration awards. *Trs. of N.Y.C. Dist. Council of Carpenters Pension v. Mountaintop Cabinet Mfr. Corp.*, No. 11-cv-8075 (JMF), 2012 WL 3756279, at *5 (S.D.N.Y. Aug. 29, 2012) (collecting cases). However, "[u]nder its inherent powers to supervise and control its own proceedings, a district court has the authority to award attorney's fees to the prevailing party when the losing party 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Eisenmann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)). In the context of a petition to confirm an arbitration award, an award of attorney's fees is permissible where "the party challenging the award has refuse[d] to abide by an arbitrator's decision without justification." *First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Enrol. Union, Local 228*, 118 F.3d 893, 898 (2d Cir. 2007); *see also, e.g.*, *Ceona PTE Ltd. v. Bmt Giant, S.A. De C.V.*, No. 16-cv-4437 (WHP), 2016 WL 6094126, at *3 (S.D.N.Y. Oct. 19, 2016) (awarding attorney's fees and costs to petitioner seeking confirmation of an arbitration award where the respondent "failed to satisfy the Final Award, and ha[d] not responded to [the] petition in this action"); *Herrenknecht Corp. v. Best Road Boring*, No. 6-cv-5106 (JFK), 2007 WL 1149122, at *4 (S.D.N.Y. Apr. 16, 2007) (awarding attorney's fees and costs to petitioner in unopposed petition to confirm arbitration award, where respondent "offered no justification for refusing to comply with the decision of the arbitrator").

Here, respondent has not complied with the JTC Award, nor has it offered any justification for its failure to do so. Accordingly, Petitioner is entitled to reasonable attorney's fees and costs in bringing this action to confirm the award. *See First Nat'l Supermarkets*, 118 F.3d at 898; *Ceona PTE*, 2016 WL 6094126, at *3.

Counsel for Petitioner submitted time records reflecting all time spent and activities performed in litigating this matter. *See* Kugielska Aff. ¶¶ 5–7. In total, counsel billed $2,520.00

for their work, reflecting 8.40 hours of labor. *See* Kugielska Aff. ¶¶ 5–7.  More specifically, counsel billed the time of Lauren Kugielska, who was admitted to this Court in 2014, at a rate of $300.00 per hour. *See id.* ¶ 5.  The tasks Ms. Kugielska performed included researching Respondent employer with the New York State Department of State in preparation for filing (0.3 hours), reviewing client statements (0.6 hours), and preparing and electronically filing the Petition, Civil Cover Sheet, and Proposed Summons with this Court (3.0 hours). *See id*. ¶ 7.  Counsel further provided an invoice of costs incurred in the filing of the Petition, which totaled $557.00. *See id*. ¶ 4.  Those costs consisted of a $400.00 filing fee paid to the Clerk of Court, and a $157.00 statutory fee paid to the New York Secretary of State in connection with service upon Respondent. *See id*.

Courts in this district have found that fees at a rate of $300 per hour are appropriate for petitions to confirm arbitration awards. *See Trs. of N.Y.C. Dis. Council of Carpenters Pension Fund v. DV I, LLC*, No. 17-cv-7367 (PAE), 2018 WL 461244, at *6 (S.D.N.Y. Jan. 18, 2018); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp.*, No. 17-cv-4667 (KPF), 2017 WL 5157246, at *5 (S.D.N.Y. Nov. 7, 2017).  The Court has examined the hours submitted by Petitioner's counsel and determines that the hours billed are reasonable, as the invoice is "thorough, detailed, relevant, and easy to understand, with no evident duplication of effort." *Trs. of N.Y.C. Dis. Council of Carpenters Pension Fund v. Metroplex Serv. Grp., Inc.*, No. 18-cv-5589 (PAE), 2018 WL 4141034, at *6 (S.D.N.Y. Aug. 30, 2018).

Accordingly, the Court grants Petitioner's counsel attorney's fees in the amount of $2,520.00, and costs in the amount of $557.00 arising out of the Petition's filing.

**CONCLUSION**

For the foregoing reasons, the petition to confirm the arbitration award is granted. The Clerk of Court is directed to enter judgment in the amount of $3,000. Petitioner is also granted $2,520.00 in attorney's fees and $557.00 in costs arising out of filing the Petition. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:      December 29, 2022
            New York, New York

_____
Hon. Ronnie Abrams
United States District Judge